09-4474-cv
Perry v. State of New York Department of Labor

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of September, two thousand ten.

PRESENT:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges.*

_____

JESSE PERRY,

> *Plaintiff-Appellant,*

> v.                                                      09-4474-cv

STATE OF NEW YORK DEPARTMENT
OF LABOR,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          JESSE PERRY, *pro se*, Albany, New York.

FOR DEFENDANT-APPELLEE:          ROBERT C. WEISZ, Assistant Solicitor General
                                 (Andrew M. Cuomo, Attorney General of the
                                 State of New York, Barbara D. Underwood,

Solicitor General, Michael S. Belohlavek, Senior Counsel, *on the brief*), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jesse Perry, *pro se*, appeals the district court's judgment dismissing his amended complaint alleging unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Perry argues that the district court should not have dismissed his retaliation claim because: (1) the New York State Department of Labor ("DOL") falsely created the appearance that the person vacating the employment position he sought had returned to her position at the DOL, and this created an inference of retaliation; (2) the DOL should have known about his 2001 termination from a DOL position because he mentioned it in his 2006 employment application; and (3) the DOL's conduct in failing to fully disclose his personnel file in his prior litigation against the DOL gave rise to an inference of retaliation. However, Perry did not raise the first two of these arguments in the district court, and we decline to consider them in light of the well established general rule that a court of appeals will not consider an issue raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005).

We reject Perry's third argument as meritless. Perry does not explain how any misconduct by the DOL in the prior action is relevant to the present action, particularly in light of his acknowledgment that he ultimately received his personnel file before the commencement of the present action. Furthermore, we agree with the district court that the amended complaint did not allege facts plausibly suggesting a causal connection between the adverse action and the protected activity, and an independent review of the

portions of the personnel file that Perry attached to the amended complaint does not suggest otherwise. Thus, we affirm the dismissal of the retaliation claim for substantially the same reasons stated by the district court. *See Perry v. State of New York Dep't of Labor*, No. 08 Civ. 4610, 2009 WL 2575713 (S.D.N.Y. Aug. 20, 2009).

We have considered all of Perry's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk